UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SAMUEL EARL LEE,

                    Petitioner,                    Case No. 1:18-cv-735

v.                                                 Honorable Gordon J. Quist

TONY TRIERWEILER,

                    Respondent.
_____/

**<u>REPORT AND RECOMMENDATION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C.
§ 2254. Petitioner Samuel Earl Lee is incarcerated with the Michigan Department
of Corrections at the Bellamy Creek Correctional Facility in Ionia, Michigan.
Petitioner pleaded *nolo contendere* in the Kent County Circuit Court to assault with
intent to commit murder (AWIM), in violation of Mich. Comp. Laws § 750.83, assault
with intent to do great bodily harm (AGBH), in violation of Mich. Comp. Laws
§ 750.84, possessing a firearm when committing a felony (felony-firearm), in violation
of Mich. Comp. Laws § 750.227b, and to his status as a habitual offender-fourth
offense, as described in Mich. Comp. Laws § 769.12. On January 20, 2017, the court
sentenced Petitioner to a prison term of eleven years, two months to sixteen years,
eight months for AWIM, concurrent to a prison term of eleven years, two months to
fifteen years for AGBH, both concurrent terms to be served consecutively to a two-
year sentence for felony-firearm.

On June 28, 2018, Petitioner timely filed his habeas corpus petition raising two grounds for relief, as follows:

I.      Lee's involuntary plea and invalid sentence were the direct result of trial counsel's deficient performance.  The state court's decision is contrary to clearly established law and is objectively unreasonable.

II.     Lee was denied due process and fundamental fairness when he was not permitted to be present at the plea withdrawal hearing. His presence was critical to the outcome, and the state court's decision is contrary to clearly established law and is objectively unreasonable.

(Pet., ECF No. 1, PageID.5, 7.)  Respondent has filed an answer to the petition (ECF No. 9) stating that the grounds should be denied because they are meritless.  Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are without merit.  Accordingly, I recommend that the petition be denied.

## **Discussion**

I.      <u>Factual allegations[1]</u>

During the early morning hours of January 21, 2016, Petitioner returned to the home he shared with his fiancé (Leslie Daniels), her sister (Dimona Daniels), and their children.  Petitioner and Leslie Daniels discussed her desire to break up with him.  She then left the room and went upstairs to rouse her children.  While upstairs,

---

[1] The factual summary is taken from the preliminary examination transcript. (Prelim. Exam. Tr., ECF No. 10-2.)  Petitioner also relied upon the preliminary examination transcript to provide support for the statement of facts in his court of appeals application for leave to appeal (*see* Pet'r's Appl. for Leave to Appeal, ECF No. 10-8, PageID.225), a statement he repeats in his habeas brief (*see* Pet'r's Br., ECF No. 2, PageID.15).

2

Leslie Daniels heard her sister screaming.  Leslie Daniels tried to run down the stairs to investigate.  On the way down, Petitioner fired a handgun at her, hitting her twice.

Dimona Daniels had screamed because Petitioner had first fired shots in her direction while she was in the bathroom downstairs.  When she finally left the bathroom, she found her sister bleeding on the living room floor and Petitioner bleeding in the hallway.  Petitioner had shot himself in an apparent suicide attempt.

The prosecutor charged Petitioner with two counts of AWIM and felony-firearm.  (Kent Cty. Cir. Ct. Docket Sheet, ECF No. 10-1, PageID.106.)  On the day scheduled for trial, however, Petitioner agreed to enter a plea of *nolo contendere* to one charge of AWIM, a new charge of AGBH, and to his status of a habitual offender-fourth offense.  (Plea Hr'g Tr., ECF No. 10-4, PageID.156-159.)  In exchange, the other AWIM charge would be dismissed and the parties and the court agreed to impose sentence on Petitioner for the AWIM and AGBH convictions from a minimum range of 34 to 134 months.  (*Id.*)  That sentence range was derived from the grid for AGBH.  (*Id.*, PageID.156.)   It represented a substantially lower range than would have followed from scoring the guidelines on the AWIM conviction—225 to 750 months.  (Sentencing Tr. I, ECF No. 10-5, PageID.189.)  Although the agreed-upon minimum range—34 months to 134 months—was derived from the "D" grid, the agreement was the specific number range, not the grid, a particular cell, or any particular number within a cell.  (Plea Tr., ECF No. 10-4, PageID.159.)

The court was willing to accept a *nolo contendere* plea, rather than a guilty plea, because: (1) Petitioner represented that he was intoxicated and was unable, for

that reason, to provide a factual basis for his plea; or (2) potential civil liability.  (*Id*., PageID.159-160.)  Petitioner indicated that he did not contest the AGBH charge, the AWIM charge, the felony-firearm charge, or the habitual offender-fourth offense enhancement.  (*Id*., PageID.164-165.)

The court initially sentenced Petitioner on January 18, 2017, to 134 months to life on the AWIM and AGBH charges, and a consecutive two-year sentence on the felony-firearm charge.  (Sentencing Tr. I, ECF No. 10-5.)  Two days later, the court resentenced Petitioner to 134 to 200 months for AWIM, and 134 months to 180 months for AGBH, both consecutive to the two-year felony-firearm sentence. (Sentencing Tr. II, ECF No. 10-6.)

Petitioner, with the assistance of appointed appellate counsel, moved to withdraw his plea a few months later.  (Mot. Hr'g Tr., ECF No. 10-7.)  Petitioner based his motion on the court's failure to hold a hearing to support entry of the *nolo contendere* plea.  (*Id*.)  Petitioner's counsel argued that it was improper for the prosecutor to simply present his statement of the evidence in the case (*see* Plea Tr., ECF No. 10-4, PageID.165-166); the court should have held a hearing instead.

Petitioner was not present for the motion hearing.  (Mot. Hr'g Tr., ECF No. 10-7, PageID.206.)  At the beginning of the hearing, Petitioner's counsel specifically waived Petitioner's presence at the hearing.  (*Id*.)  The trial court denied Petitioner's motion to withdraw his plea.  (*Id*., PageID.213-214.)

Petitioner filed an application for leave to appeal his convictions and sentences in the Michigan Court of Appeals.  The brief he filed with the assistance of counsel

raised the same issue he raised in the motion to withdraw his plea: the trial court should have held a hearing to establish a factual basis to support the *nolo contendere* plea.  (Appl. for Leave to Appeal, ECF No. 10-8, PageID.221.)   In Petitioner's supplemental *pro per* brief in the court of appeals he raised the same issues he raises in this habeas petition.  (Pet'r's Supp. *Pro Per* Br., ECF No. 10-8, PageID.346-347.) By order dated November 17, 2017, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  (Mich. Ct. App. Order, ECF No. 10-8, PageID.217.)

Petitioner then filed a *pro per* application for leave to appeal in the Michigan Supreme Court raising the same issues he raised in the Michigan Court of Appeals. (Appl. for Leave to Appeal, ECF No. 10-9, PageID.442-444.)  The Michigan Supreme Court denied leave by order entered May 1, 2018, because the court was "not persuaded that the questions presented should be reviewed . . . ."  (Mich. Order, ECF No. 10-9, PageID.439.)  This petition followed.

II.    AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on

a set of materially indistinguishable facts.  *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims."  *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## III.    Petitioner's Absence at the Plea Withdrawal Hearing

The right to be present at critical stages of criminal proceedings is rooted in the Due Process Clause of the Fifth and Fourteenth Amendments, and in the Confrontation Clause of the Sixth Amendment.  *See United States v. Gagnon*, 470 U.S. 522, 526-27 (1985).  A defendant has a constitutional right to "be present at any

stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  This right, however, "is not absolute, but exists only when his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *United States v. Henderson*, 626 F.3d 326, 343 (6th Cir. 2010) (quotation marks omitted).  "In other words, the defendant's presence is not guaranteed when it would be useless, but only to the extent that a fair and just hearing would be thwarted by his absence." *Id.* (quotation marks omitted).  Indeed, the U.S. Constitution "does not require the defendant to be present when his 'presence would be useless, or the benefit but a shadow.'" *Cathron v. Jones*, 190 F. Supp. 2d 990, 1001 (E.D. Mich. 2002) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106-107 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964)).  A defendant's presence at a hearing is "largely a matter of form when a defendant's lawyer is present at proceedings that raise largely legal issues." *Id.* at 1001-1002 (quoting *Fisher v. Roe*, 263 F.3d 906, 916 (9th Cir. 2001)).

Several federal appellate courts have concluded that the right to be present does not apply to post-conviction proceedings.  *See, e.g., Oken v. Warden, MSP*, 233 F.3d 86, 92-93 (1st Cir. 2000); *United States v. Martinez*, 415 F.3d 239, 242-244 (2d Cir. 2005); *United States v. Fernandez*, 526 F. App'x 270, 284 n.13 (4th Cir. 2013); *United States v. Kirby*, 418 F.3d 621, 627-28 (6th Cir. 2005); *Castillo-Hernandez v. Holder*, 596 F. App'x 645, 651 (10th Cir. 2014); *United States v. Boyd*, 131 F.3d 951, 954 (11th Cir. 1997).  Indeed, the Sixth Circuit has concluded that there simply is "no

Supreme Court precedent—or for that matter, precedent from any other federal court—suggesting that the right to be present enshrined in the Confrontation Clause extends to a post-conviction, post-sentence motion to withdraw a guilty plea." *Brown v. Warden, Mansfield Corr. Inst.*, 492 F. App'x 533, 539 (6th Cir. 2012).

Petitioner has failed to identify any clearly established federal law holding that he was entitled to be present at his post-conviction motion-to-withdraw-plea hearing. Accordingly, Petitioner cannot show that the Michigan appellate courts' rejection of that claim is contrary to, or an unreasonable application of, clearly established federal law, and he is not entitled to habeas relief.

IV.    Petitioner's Competence

By way of Petitioner's ineffective assistance of counsel claims, Petitioner introduces some question as to whether he was sufficiently competent to be held criminally liable for his actions, to be tried, or to enter a plea.  Petitioner's trial was originally scheduled for April 18, 2016.  (Kent Cty. Cir. Ct. Docket Sheet, ECF No. 10-1, PageID.108.)  On that date, the trial was adjourned and the trial court ordered that Petitioner undergo a competency examination.  (*Id*.)  Petitioner was examined and a report was prepared.  (*Id*., PageID.108-109.)  The trial court held a competency hearing on August 26, 2016.  (*Id*.)  Based on the report, the court concluded Petitioner was competent and, accordingly, rescheduled the trial.  (*Id*.)

A criminal defendant may not plead guilty (or *nolo contendere*) unless he does so competently and intelligently.  *Godinez v. Moran*, 509 U.S. 389, 396 (1993).  The test for competence is whether the defendant has " 'sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' " *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).    A defendant is not competent to plead guilty or no contest if " 'he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense.' " *Id.*  (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

Although Petitioner contends the proceedings against him were unfair for failure to adequately explore his competence, he never identifies why he believes he was not competent to enter his plea.  He suggests that intoxication in combination with prescription drug use might have interfered with his competence at the time of the offense, but says nothing about his competence at the time of his plea.  He casually references his mental illness (Pet'r's Br., ECF No. 2, PageID.21) and mental defects (*Id.*, PageID.19), but provides this Court no guidance and no record support with respect to the nature and extent of the illness or defects.

Even assuming that Petitioner has been diagnosed with a mental illness, a diagnosis alone is not sufficient to demonstrate incompetence.  Petitioner's actual symptoms and behavior are what matter.  *See United States v. Allen*, 665 F. App'x 531, 533-34 (6th Cir. 2016)  ("For the district court to have had a duty to order a competency hearing, [the defendant] would have needed to exhibit behavior demonstrating that she lacked 'either a sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding or a rational as well as

factual understanding of the proceedings against [her].' "). Nothing in the record suggests that Petitioner was not able to understand the proceedings against him or to consult with his attorney. Indeed, at his plea hearing, Petitioner repeatedly told the court that he understood what the court was explaining to him about the contents and consequences of his plea. Thus, Petitioner has failed to demonstrate that the trial court's determination that he was competent to proceed, and the court of appeals rejection of his competency challenge as meritless, are unreasonable on the record, or contrary to or an unreasonable application of clearly established federal law.

IV.    Ineffective Assistance of Counsel

Petitioner claims that ineffective assistance from his trial counsel resulted in, first, an involuntary plea, and then, an invalid sentence. Petitioner identifies six specific instances of ineffective assistance:

A.    Trial counsel was ineffective for failing to demand a competency hearing as mandated by law.

B.    Trial counsel failed to investigate a voluntary or involuntary intoxication defense; failed to request an independent examination of Lee's competency or criminal responsibility and failed to advise Lee of these alternate options.

C.    Counsel failed to suppress Lee's statement when he knew it was given while Lee was highly medicated and in the hospital from a self-inflicted gunshot wound to the head.

D.    Counsel failed to seek a psychiatric exam to mitigate Lee's sentence, therefore resulting in an invalid sentence.

E.    Counsel failed to object to the minimum sentence exceeding the two-thirds rule.

      F.      Counsel failed to object to the fourth habitual charge as it was based upon a non-existent case.    Alternatively, the prior conviction was obtained in violation of Lee's right to counsel.

(Pet'r's Br., ECF No. 2, PageID.16-22.)

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:   (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment.  *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  Regarding

the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness.  *Id.*  In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process.  "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id*. at 59.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential.  *Harrington*, 562 U.S. at 105 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 571 U.S. 12, 13 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011).  In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

### A.    Validity of Petitioner's Sentences

Petitioner argues that his sentences for AWIM (11 years, 2 months to 16 years, 8 months) and AGBH (11 years, 2 months to 15 years) violate the "two/thirds rule" of *People v. Tanner*, 199 N.W.2d 202 (1972).  In Michigan, unless the only punishment

prescribed by law for an offense is life imprisonment, the court imposing sentence must fix a minimum term of imprisonment and a maximum term—an indeterminate sentence; however, the maximum penalty provided by statute is the maximum term. Mich. Comp. Laws §§ 769.8, 769.9.[2]  For some offenses, the maximum penalty is fixed. *See, e.g.*, Mich. Comp. Laws § 750.218(4) (obtaining money of a value of $1000.00 or more, but less than $20,000.00 by use of a false pretense—5 years).  For other offenses, such as first-degree criminal sexual conduct, the maximum penalty is life or any term of years.  Mich. Comp. Laws § 750.520b(2).  For those offenses, the trial court has discretion to impose a maximum penalty.  Mich. Comp. Laws § 769.9(2).

Although the trial court sets the minimum and maximum sentences, the court has no control over the length of the sentence a defendant serves within that range. The Michigan sentencing statutes vest the Governor and the parole board with discretion to make that determination. *Tanner*, 199 N.W.2d at 203.  The *Tanner* court concluded that too short an interval between the minimum and maximum sentence might impermissibly deprive those other actors from exercising their discretion with respect to sentence duration.  *Id.* at 204-205.  The *Tanner* court, therefore, held "that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act."  *Id.*

_____

[2] A life sentence is not the only exception to the indeterminate sentence requirement. *See, e.g.,* Mich. Comp. Laws § 750.227b (two-year consecutive sentence for possession of a firearm during the commission of a felony).  There are also intermediate sanctions.  Section 769.34 of the Michigan Compiled Laws identifies certain circumstances where the court has freedom to impose a penalty different from that which would be imposed under the sentencing guidelines.

14

Petitioner claims his AWIM and AGBH sentences violate that rule.  He is correct that eleven years, two months exceeds two-thirds of fifteen years, and it just barely exceeds two-thirds of sixteen years, eight months.  The *Tanner* rule, however, does not apply if the maximum statutory sentence is life imprisonment or "life or any term of years." *People v. Powe*, 679 N.W.2d 67 (2004); *People v. Drohan*, 715 N.W.2d 778 (2006); *People v. Harper*, 739 N.W.2d 523 (2007); *People v. Washington*, 795 N.W.2d 816 (2011); *People v. Floyd*, 804 N.W.2d 564 (2011).  Thus, the *Tanner* rule does not apply to Petitioner's AWIM sentence[3] or his sentence for AGBH.[4]

Because Petitioner's claim that his sentences were invalid is meritless, his claim that counsel rendered ineffective assistance because he failed to object to the sentences on that basis is meritless as well.  The Sixth Circuit has held that " 'counsel cannot be ineffective for a failure to raise an issue that lacks merit.' " *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  *See also Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010). "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

---

[3] *See* Mich. Comp. Laws § 750.83 ("Assault with intent to commit murder . . . [is] punishable by imprisonment in the state prison for life or any term of years.")

[4] *See* Mich. Comp. Laws § 750.84 ([AGBH is] punishable by imprisonment for not more than 10 years); Mich. Comp. Laws § 769.12 ("If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more . . . the court . . . may sentence the person to imprisonment for life or for a lesser term.").

B.    Antecedent Violations

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).[5]  Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267.  As the United States Supreme Court has explained,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea.  *See Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. Jul. 15, 2016) (citing *United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001)).  Stated differently, the claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S.

---

[5] Petitioner's *nolo contendere* plea does not change the analysis.  In Michigan, a *nolo contendere* plea has essentially the same effect on the criminal prosecution as does a plea of guilty.  *See People v. New*, 398 N.W.2d 358, 363 (Mich. 1986).

21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill*,
474 U.S. at 58; *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.

None of Petitioner's claims attack the jurisdiction of the court, and many of his
claims of ineffective assistance do not attack the voluntary or intelligent nature of his
plea (i.e., they do not attempt to show that counsel's advice was inadequate with
respect to the plea, but instead relate to alleged attorney failures that preceded the
plea). Nonetheless, certain of Petitioner's allegations of ineffective assistance might
be construed to challenge the validity of the plea itself.

As set forth below, any claim that touches upon Petitioner's competence at the
time of the plea, would survive the plea. But, Petitioner's challenges regarding his
competence also relate to times before his plea. For example, Petitioner's claims that
he was incompetent when he committed the crime or incompetent when he made his
statement to police are the sort of claims that do not touch upon the validity of his
plea and, thus, do not survive the plea. Counsel's failure to pursue an intoxication
defense and failure to seek suppression of Petitioner's statement to police likewise
preceded the plea agreement and have no impact on the validity of the plea.

Finally, Petitioner's claim that counsel failed to challenge the factual basis for
the habitual offender-fourth offense charge also fails. Counsel's failure to pursue
anything that relates to Petitioner's factual guilt for the crime or the habitual
offender sentence enhancement was waived when Petitioner chose to plead *nolo
contendere* to the specific crimes and the sentence enhancement. *See Stiger*, 20 F.
App'x at 308-09; *see also Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008)

(claims of ineffective assistance with respect to matters preceding the plea agreement are waived by a guilty plea); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (guilty plea waives claims concerning pre-plea ineffective assistance of counsel); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (pre-plea ineffective assistance of counsel claims are waived).  Petitioner, therefore, is not entitled to habeas corpus relief on those alleged errors in counsel's performance.

### C.    Involuntary Plea

An involuntary or unintelligent plea violates the principles of due process and is void.  *See McCarthy v. United States*, 394 U.S. 459, 466 (1969).  The test for determining a guilty plea's validity is " 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt.

In order to find a constitutionally valid guilty plea, several requirements must be met.  The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered

18

unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57.

Petitioner's claims implicate two aspects of plea validity. First, he generally challenges his competence to enter a plea. For the reasons set forth above, Petitioner has failed to show that the state court's determination of his competence is unreasonable. Second, he broadly states that his counsel rendered ineffective

assistance.  His challenges to counsel's conduct, however, to the extent they were not waived by the plea, are centered on his claim that he was incompetent, and that counsel was ineffective for failing to demonstrate Petitioner's incompetence. Petitioner fails to show in any way that he might have been incompetent.  As such, he cannot demonstrate that counsel's failure to pursue the issue further is professionally unreasonable or prejudicial.  Accordingly, Petitioner has failed to show that the court of appeals' rejection of his ineffective assistance claims as meritless is contrary to, or an unreasonable application of *Strickland*.

## **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, I have examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong.  Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied.  I further recommend that a certificate of appealability be denied.

Dated: May 29, 2019                  /s/ Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).